IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JU YANG,

                Plaintiff,                  OPINION AND ORDER

    v.

                                                   18-cv-164-wmc

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

                Defendant.

Plaintiff Ju Yang alleges that her former employer, defendant American Family Mutual Insurance Company ("American Family"), terminated her employment on the basis of her sex, race, and national origin. Plaintiff brings claims for wrongful termination under 42 U.S.C. § 1981 ("Section 1981") and § 2000e-2 ("Title VII"). Presently before the court is defendant's motion to dismiss pursuant to Rule 12(b)(6). (Dkt. #5.) For the reasons set forth below, defendant's motion to dismiss is granted in part and denied in part.

ALLEGATIONS OF FACTS

Plaintiff Ju Yang was employed by American Family from January 1993 until November 16, 2010. (Compl. (dkt. #1) ¶ 8.) Before her termination, she was working as a remittance processor. Yang is a female resident of Sun Prairie, Wisconsin, and an American citizen of Hmong descent and Laotian national origin. (*Id.* at ¶¶ 3, 7.) American Family is a Wisconsin corporation that sells insurance, with its principal place of business located in Madison, Wisconsin. (*Id.* at ¶¶ 4-5.)

In the late summer and early fall of 2010, Yang informed American Family that she had started proceedings to divorce her husband, who is also Hmong and Laotian. (*Id.* at

¶ 10.) Yang alleges that this information resulted in her termination due to a concern that her husband would be violent in defendant's workplace. (*Id.* at ¶ 11.) Yang's husband had not committed -- or threatened to commit -- violence in defendant's workplace. (*Id.* at ¶ 12.) Yang alleges that American Family's decision to terminate her employment was based on her sex, race, and/or national origin. (*Id.* at ¶ 13.)

OPINION

Defendant seeks dismissal of plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Designed to test the complaint's legal sufficiency, dismissal under Rule 12(b)(6) is warranted only if no recourse could be granted under any set of facts consistent with the allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 563 (2007). "To survive a motion to dismiss under Rule 12(b)(6)," therefore, a plaintiff must allege sufficient facts to (1) "state a claim for relief that is plausible on its face" and (2) give the defendant fair notice of what the claim is and the grounds upon which it rests. *Spierer v. Rossman*, 798 F.3d 502, 510 (7th Cir. 2015) (quoting *Twombly*, 550 U.S. at 570); *see also Twombly*, 550 U.S. at 555. Under the plausibility standard, the court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681). In evaluating the sufficiency of the complaint, the court must "draw[] all reasonable inferences in favor of the plaintiffs." *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008).

Defendant makes two arguments in support of its motion to dismiss: (1) plaintiff's

claims under Section 1981 are barred by the applicable statute of limitations; and (2) plaintiff's allegations fail to state any plausible claim upon which relief can be granted. (*See* Def.'s Mot. to Dismiss (dkt. #5) 3-7.) As to the first argument (*id.* at 3), plaintiff alleges that defendant wrongfully terminated her employment on November 16, 2010, but her complaint was not filed until March 8, 2018. (Compl. (dkt. #1) ¶¶ 8, 13; *id.* at 4.) In light of this, plaintiff concedes that her Section 1981 claims fall outside of the applicable four-year statute of limitations under 28 U.S.C. § 1658. (Pl.'s Opp'n. Br. (dkt. #8) 3.) Accordingly, the court will grant defendant's motion to dismiss plaintiff's Section 1981 claims.

As for plaintiff's remaining claims under Title VII, defendant argues that plaintiff fails to plead sufficient facts to find defendant wrongfully terminated her employment because of her sex, race, or national origin. (Mot. to Dismiss (dkt. #5) 3-7.) Generally, defendant contends that Yang's complaint "relies solely on legal conclusions and conclusory allegations to support her theory of unlawful discrimination." (*Id.* at 2.) Defendant argues that such "threadbare factual allegations" neither support a plausible inference that plaintiff was terminated for a discriminatory reason, nor link her termination to a protected status. (*Id.* at 4-7.)

More specifically, defendant argues that: (1) "the only allegation in her complaint suggesting that American Family terminated her employment on the basis of her sex is her allegation that American Family's decision to terminate her employment 'was motivated by a discriminatory intent, due to [her] sex'" (*id.* at 4 (quoting (Compl. (dkt. #1) ¶ 13)); (2) plaintiff does no more to support her claim of racial discrimination than provide a "conclusory allegation that she was terminated due to her race" (*id.* at 5); and (3) plaintiff

3

fails to "allege any facts that would permit a reasonable inference that her termination was due to her national origin" (*id.* at 6). Put another way, defendant contends that plaintiff does no more than allege that "because she falls into . . . protected class categories and that she was terminated, she has successfully plead[ed] claims under Title VII." (Reply (dkt. #11) 2.)

Plaintiff responds that she has sufficiently pleaded facts to find defendant's decision to terminate her employment was, at least in part, tied to her sex, race and/or national origin. (Pl.'s Opp'n Br. (dkt. #8) 4.) Title VII prohibits employers from terminating any employee because of their "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Here, plaintiff's complaint states:

> In the late summer and early fall of 2010, Plaintiff made it known to Defendant that she had initiated divorce proceedings against her now-former husband, who is also of Hmong descent, and whose county or origin is also Laos.
>
> As a result of reporting her petition for divorce to Defendant, Defendant terminated Plaintiff's employment, allegedly because of a concern that Plaintiff's Laotian/Hmong husband would commit violence in Defendant's workplace.

(Compl. (dkt. #1) ¶¶ 10-11.) In her brief in opposition to defendant's motion, plaintiff argues that these contentions put defendant on notice of her allegation that

> defendant fired her because it thought the wife (i.e. the female) of a Hmong marital couple (with Laos being the country of origin of most Hmong, including plaintiff and her husband) was more susceptible to being the subject of workplace violence than non-Hmong Americans, merely because of the couple's Hmong race.

(Pl.'s Opp'n Br. (dkt. #8) 4.)

While plaintiff's complaint is obviously devoid of important details -- who she told,

4

what that person said, how *close* in time these events and termination occurred -- plaintiff has nonetheless put defendant on notice that she is alleging her termination was, at least in part, based on her sex, race and/or national origin. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (reiterating liberal pleading standard for discrimination claims; allegations of type of discrimination, time frame and events leading to discrimination are sufficient). While plaintiff's lack of detail may yet doom her Title VII claim at summary judgment, plaintiff has sufficiently pleaded a claim for wrongful termination to satisfy the requirement of notice pleading. Accordingly, the court will deny the remainder of defendant's motion to dismiss.[1] Defendant may seek any additional information it requires to understand and assess the merits of plaintiff's claims through discovery, including interrogatories, requests for admissions, document requests, and depositions.

ORDER

IT IS ORDERED that: Defendant's motion to dismiss (dkt. # 5.) is GRANTED IN PART AND DENIED IN PART as set forth above.

Entered this 13th day of November, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[1] Further, the court need not address plaintiff's request to amend her complaint. (*See* Pl.'s Opp'n Br. (dkt. #8) 5.)